*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-072

OCTOBER TERM, 2015

| | | |
|---|---|---|
| Ronald Covey | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orange Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Andrea Covey | } | DOCKET NO. 34-2-14 Oedm |

Trial Judge: Michael C. Pratt

In the above-entitled cause, the Clerk will enter:

Wife appeals a final divorce order, arguing that the family division of the superior court abused its discretion in awarding the marital homestead to husband. We affirm.

The parties were married thirty-two years and had no adult children at the time of the divorce proceedings. Because neither party sought maintenance, the only issue at the final divorce hearing was the distribution of marital property, and the only real issue in dispute was which party would be awarded the martial home. After considering each of the statutory factors, the family court concluded that the marital property should be divided equally. The court expressed concern that neither party could afford to buy out the other party's interest in the principal marital asset—the parties' residence and adjoining real property consisting of 70 acres—but rejected wife's suggestion that the court divide the property by awarding her the residence and a small portion of the land, while awarding husband the rest of the land. In the end, the court decided to award the marital residence and adjoining land to husband, but required him to pay wife $95,750 within one year as her share of the equity in the property.

On appeal, wife argues that the family court employed a gender-based analysis in determining that husband should be awarded the marital home. Wife contends that the court abused its discretion by awarding husband the marital home on this basis, even though the statutory factors set forth in 15 V.S.A. § 751(b) favor giving the property to her. According to wife, the court awarded the marital home to husband solely because he worked at an occupation dominated by men and was able to do the necessary mowing and logging on the property. In wife's view, this line of reasoning suggests that it would be more appropriate to award a marital residence to an electrician rather than a homemaker or to an able-bodied spouse rather than a disabled spouse. Wife further argues that the court's reasoning was not supported by the facts, which she claims reveal that she was a far better steward of the land than husband and had always done extensive physical work to maintain the home.

We find nothing in the record indicating that the family court abused its discretion by awarding husband the marital home subject to his paying wife half of the equity. See Hanson-Metayer v. Hanson-Metayer, 2013 VT 29, ¶ 52, 193 Vt. 490 ("The disposition of property pursuant to a divorce decree is a matter of wide discretion for the trial court."). Regarding wife's contention that the statutory factors favored her, the family court carefully examined each of the factors and concluded that most, if not all, of those factors relevant to this divorce favored an equal distribution of the martial property, which is what the court ordered. In arguing that the statutory factors favor her, wife appears to rely exclusively on the respective-merits-of-the-parties factor. She does not dispute that an equal distribution of the marital property was appropriate but apparently believes that she should have been awarded the martial home because that factor favored her. She cites, among other things, verbal abuse by husband during the marriage, as well as his non-supportive attitude toward her after she was diagnosed with breast cancer. Regarding this statutory factor, the family court indicated its belief that husband probably was difficult to live with at times, but stated that it did not make him a bad person. The other issue that the court noted regarding the respective merits of the parties was husband purchasing an expensive truck during the divorce proceedings. The court addressed this latter issue by assigning to husband $9000 in equity in the truck that did not actually exist. The court noted that this would be the only exception to an equal division of the parties' marital property. In other words, the court concluded that wife's allegations of husband's verbal abuse during the long-term marriage did not warrant departing from an equal division of the marital property. As noted, the court has wide discretion in weighing the statutory factors and dividing the marital property. We find no abuse of that wide discretion in this regard.

Nor do we find that the family court awarded husband possession of the marital home as the result of a gender-based analysis. As noted, the court's primary concern regarding the martial home was that neither party could afford to pay off the other party's interest in the property. The court, however, later noted testimony indicating that husband would be able to obtain a loan that would produce a little over half of the money he would owe wife for her share in the home's equity should he be awarded the property. The court stated that husband would have to find some other way—either by dipping into his retirement account or selling off some of the land adjoining the house—to pay off wife's interest within one year. Weighing the parties' competing interests in remaining in the house, the court noted that the property had been with husband's family for multiple generations, and that husband had been the one who had "worked the land" during the marriage. Further, the court found that husband was the one who built the house and, for the most part, did the mowing and cutting of timber. The court acknowledged wife's deep connection to the home where she had lived since 1985, as well as to the surrounding community, but concluded that that husband was the party best-suited, as a plumber and a carpenter, to work the land and deal with the improvements needed to get the house insured.

In short, the family court resolved the competing interests by awarding the family home to husband because the land had been in his family for generations, he built a large part of the house, he was the one who had worked the land during the course of the marriage, and he was best equipped to do the improvements necessary to get the home insured. This is not a gender-based analysis, and the record supports the court's findings. To be sure, wife cites instances when she did physical work, and she also indicates that she could hire people to do work that she could not do. But, as the court found, the parties had limited resources—to the point where the court doubted that either party could hold onto the property over the long term following the

2

divorce. Thus, the court did not abuse its discretion in awarding the property to the spouse who had worked the land during the course of the marriage and who was more capable of making necessary improvements to the property without hiring outside help. Considering all of the court's findings, we conclude that the court awarded the marital home to husband for the reasons noted above and not because he, as a male, was more capable of handling work on the property. Cf. Harris v. Harris, 162 Vt. 174, 182 (1994) (noting family court's comment that male child had natural affinity for his father, who could teach him things that boys should know, but not interpreting comment as indicating that court "applied a preference that [the boy] remain with his father because he was a boy").

Affirmed.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice

3